**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RUSSELL RAMEAL HARRIS,

                                        Plaintiff,                        3:22-cv-977 (BKS/ML)

v.

BINGHAMTON POLICE DEPARTMENT and
BRYAN SOSTOWSKI,

                                        Defendants.

**Appearances:**

*Plaintiff pro se:*
Russell Rameal Harris
22-B-5248
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

         Plaintiff pro se Russell Rameal Harris filed this action on September 16, 2022, against

Defendants Binghamton Police Department ("BPD") and BPD Investigator Sergeant Bryan

Sostowski, alleging violations of his federal civil rights under 42 U.S.C. § 1983. (Dkt. No. 1).

This matter was referred to United States Magistrate Judge Miroslav Lovric who, on January 26,

2023, issued a Report-Recommendation reviewing the Complaint under 28 U.S.C. §§ 1915,

1915A and recommending that the Complaint be dismissed for failure to state a claim upon

which relief may be granted but that Plaintiff be given leave to file an amended complaint. (Dkt.

No. 18). On January 30, 2023, Plaintiff filed a motion to amend the complaint and a proposed

amended complaint. (Dkt. No. 20). On February 13, 2023, Plaintiff filed a second motion to

amend and a second proposed amended complaint[1] along with objections to the Report-

Recommendation. (Dkt. No. 21). For the reasons set forth below, the Report-Recommendation is

adopted and Plaintiff's motions to amend the complaint are denied as futile, but the Court grants

Plaintiff leave to file an amended complaint that complies with this Memorandum-Decision and

Order and the Report-Recommendation.[2]

## II.     REPORT-RECOMMENDATION

In the Report-Recommendation, Magistrate Judge Lovric recommended: (1) dismissal of

Plaintiff's Fourth Amendment malicious prosecution claim without prejudice because Plaintiff

failed to allege proceedings terminated in his favor, (Dkt. No. 18, at 9–10); (2) dismissal of

Plaintiff's Fourteenth Amendment substantive due process claim without prejudice because his

claim of having been arrested without probable cause is properly analyzed under the Fourth

Amendment, and because Plaintiff, in any event, failed to "allege facts plausibly suggesting that

the actions of Defendants were so arbitrary and conscience-shocking that they violated his

substantive due process rights," (*id.* at 11–12); (3) dismissal of Plaintiff's Fourteenth

---

[1] On January 26, 2023, Plaintiff filed a handwritten motion to amend the complaint and proposed amended complaint. (Dkt. No. 20). On January 27, 2023, Plaintiff filed a letter stating that he "recently sent a motion for a amended complaint, but due to limited resources at the facility that I'm at, partial of my legal mail was withheld. I will be sending another complete motion with associated papers." (Dkt. No. 19). On February 10, 2023, Plaintiff filed a second, typed, motion to amend and proposed amended complaint, along with objections to the Report-Recommendation. (Dkt. No. 21). Although it sets forth the causes of action in a different order, and is typed rather than handwritten, the second proposed amended complaint appears to be identical in all material respects to the first proposed amended complaint. Further, it appears, based on Plaintiff's January 27, 2023 letter, that Plaintiff's first motion to amend and proposed amended complaint was partial and the second is "complete." (Dkt. No. 19). Accordingly, the Court denies the first motion to amend, (Dkt. No. 20), as moot. In an abundance of caution and in view of Plaintiff's pro se status, the Court has nevertheless reviewed the first proposed amended complaint but finds it, like the second proposed second amended complaint, fails for the reasons stated in this decision. For convenience, the Court refers to the second proposed amended complaint, (Dkt. No. 21), as the "Proposed Amended Complaint."

[2] On February 24, 2023, Plaintiff filed a second motion for leave to proceed in forma pauperis, (Dkt. No. 22), and a third motion for leave to proceed in forma pauperis on March 16, 2023, (Dkt. No. 23). These motions are referred to Judge Lovric, who will address it in a separate order.

Amendment abuse of process claim without prejudice because Plaintiff failed to allege a collateral objective, (*id.* at 13–14); (4) dismissal of Plaintiff's supervisory liability claim without prejudice because "there is no constitutional claim solely for 'supervisory liability'" and, in any event, the Complaint failed to allege any underlying constitutional claims, (*id.* at 15–16); and (5) dismissal of Plaintiff's municipal liability claim without prejudice because Plaintiff failed to allege "a policy or custom which would support municipal liability," or "'deliberate indifference' to the rights of persons who would come into contact with Defendants," (*id.* at 17–18). The Court assumes familiarity with the facts of this case, as set forth in the Report-Recommendation. (*Id.* at 2–4).

### A.    Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

### B.     Analysis

#### 1.     Malicious Prosecution

Plaintiff has not objected to Magistrate Judge Lovric's recommended dismissal of his malicious prosecution claim. Accordingly, the Court reviews the recommendation regarding this claim for clear error.

Magistrate Judge Lovric recommended dismissal of the malicious prosecution claim on the ground that Plaintiff "fail[ed] to allege that the proceedings terminated in his favor." (Dkt. No. 18, at 9). Although the Complaint, as Magistrate Judge Lovric noted is difficult to decipher, it does allege that the burglary charges on which Plaintiff was indicted were dismissed. (*See* Dkt. No. 1, at 15 (alleging that the "indictment (Burg 1[degree] 2 counts) (Burg 2[degree] 1 count) & lack of probable cause by police & other bad conduct taken by them in bad faith, by motion, at the request of special prosecutor Benjamin Bergman & Judge counts of Burg 1[degree] & Burg 2[degree] were dismissed")). Assuming this allegation satisfies the favorable termination requirement, *see Thompson v. Clark, U.S.*, 142 S. Ct. 1332, 1341 (2022) (holding that "[a] plaintiff need only show that the criminal prosecution ended without a conviction," to satisfy the favorable termination element of a malicious prosecution claim), Plaintiff's malicious prosecution claim is subject to dismissal "because probable cause existed for commencing the proceeding," (Dkt. No. 18, at 10 n.5). The Court agrees that the Complaint, which reflects that Plaintiff was indicted on burglary charges, fails to allege the lack of probable cause necessary to maintain a malicious prosecution claim. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution."). "Once a suspect has been indicted [New York] law holds that the Grand Jury action creates a presumption of probable cause." *Rothstein v. Carriere*, 373 F.3d 275, 282–83 (2d Cir. 2004). This presumption may be rebutted by showing that the indictment "was

produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* at 283. The Complaint alleges only that the burglary charges on which he was indicted were dismissed for lack of probable cause, "bad faith," and "other bad conduct." (Dkt. No. 1, at 15). As these allegations are wholly conclusory, the Complaint fails to "alleges fact that would rebut the presumption of probable cause." *Jones v. City of New York*, 846 F. App'x 22, 25 (2d Cir. 2021) (affirming *sua sponte* dismissal of malicious prosecution claim as to charges that ended in acquittal on the ground that the complained contained no allegations rebutting the presumption of probable cause created by the grand jury's indictment"). Accordingly, for these reasons, the Court adopts Magistrate Judge Lovric's recommendation that Plaintiff's malicious prosecution claim be dismissed.

### 2. Substantive Due Process

Plaintiff has not objected to Magistrate Judge Lovric's recommended dismissal of his substantive due process claim. Having reviewed this recommendation for clear error and having found none, the Court adopts the recommendation and dismisses Plaintiff's substantive due process claim.

### 3. Abuse of Process

Plaintiff objects to Magistrate Judge Lovric's recommendation that the abuse of process claim be dismissed. (Dkt. No. 21, at 15). Plaintiff argues that the Complaint adequately stated Defendant Sostowski's collateral objective: "utilizing the wanted poster for further investigation as opposed to in relation to [a] burglary." (*Id.*; Dkt. No. 1, at 7). Plaintiff also argues that the cases cited in the Report-Recommendation imply that, although collateral objectives "typically" or "usually" involve personal animus or go beyond the initial prosecution, the requirements of a collateral objective "are up for debate and not clear cut." (Dkt. No. 21, at 15–16). The Report-Recommendation explains that a plaintiff "*must* claim that [the defendant] aimed to achieve a

collateral purpose beyond or in addition to his criminal prosecution." (Dkt. No. 18, at 13

(quoting *Savino*, 331 F.3d at 77). Construing Plaintiff's Complaint liberally, the alleged

collateral objective is that Sostowski used the wanted poster to "further investigat[e]" Plaintiff

for reasons unrelated to the burglary. (Dkt. No. 1, at 7). Even assuming Sostowski used the

wanted poster to further investigate something other than Plaintiff's alleged burglary, Plaintiff

provides no additional facts that would allow a plausible inference that the investigation

concerned an impermissible purpose beyond his criminal prosecution. *See Vessa v. City of White*

*Plains*, No. 12-cv-6989, 2014 WL 1271230, at *8, 2014 U.S. Dist. LEXIS 42458, at *31

(S.D.N.Y. Mar. 27, 2014) (finding that the plaintiff failed to state an abuse of process claim

where he "fail[ed] to allege that [an] investigation was undertaken with intent to harm and for the

purpose of obtaining a collateral objective outside the legitimate ends of the process"). Having

reviewed Plaintiff's objection de novo, the Court concurs in Judge Lovric's determination for the

reasons set forth in the Report-Recommendation.

## 4.    Supervisory Liability

Plaintiff objects to the Report-Recommendation's supervisory liability claim analysis,

arguing that Judge Lovric incorrectly found it "unclear" "who the 'supervisory liability' claim

[was] asserted against," because his Complaint alleged the claim "against [Defendant]

Sostowski[,] who is . . . employed by BPD." (Dkt. No. 18, at 16; Dkt. No. 21, at 15). However,

the Complaint appears to allege Defendant Sostowski's *direct* involvement. (Dkt. No. 1, at 8

("Inv. Sgt. Sostwoski . . . issu[ed] [] a wanted poster with an inscription 'probable cause to

arrest'"), 9 ("Inv. Sgt. Sostowski . . . used a legal process (wanted poster) . . . to compel

[Plaintiff's] appearance.")). The Complaint identifies other officers, but none are named as

Defendants. Further, the only other named Defendant, BPD, is a municipal entity that cannot be

sued for supervisory liability. (Dkt. No. 1); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436

U.S. 658, 692 (1978). Moreover, as Magistrate Judge Lovric explained, in cases under § 1983, "'there is no special rule for supervisory liability . . . a 'plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, had violated the Constitution.'" (Dkt. No. 18, at 16 (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 1983)). Regardless, as Judge Lovric explained, any lack of clarity regarding who Plaintiff intends to advance the supervisory liability claim against is "irrelevant" because there can be no supervisory liability claims where, as here, there are no viable constitutional claims. *See Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) ("[B]ecause Plaintiff has not established any underlying constitutional violation, she cannot state a claim for § 1983 supervisor liability." (citations omitted)). Thus, having reviewed Plaintiff's objection de novo, the Court agrees with Magistrate Judge Lovric's recommendation that Plaintiff's supervisory liability claim be dismissed for the reasons set forth in the Report-Recommendation.

### 5.    Municipal Liability

Plaintiff has not objected to Magistrate Judge Lovric's recommended dismissal of his municipal liability claim. Having reviewed this recommendation for clear error and having found none, the Court adopts the recommendation and dismisses Plaintiff's municipal liability claim.

## III.    MOTIONS TO AMEND[3]

Plaintiff moves to amend his abuse of process claim, to add a Fourth Amendment "Search and Seizure" claim, and to amend his supervisory liability and municipal liability

---

[3] The Court adopts and incorporates the background facts as set forth in the Report-Recommendation and sets forth additional facts as necessary to the analysis of the motions to amend. The Proposed Amended Complaint contains few, if any, additional facts.

claims. (Dkt. No. 21). The Proposed Amended Complaint "strike[s] out" the malicious

prosecution claim and does not contain a substantive due process claim. (*Id.*).

### A.    Standard of Review

In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ.

P. 15(a)(2). A court may, however, "deny leave for good reason, including futility, bad faith,

undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*,

482 F.3d 184, 200 (2d Cir. 2007). "Futility is a determination, as a matter of law, that proposed

amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d

114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir.

1991)). In making this determination, the court must "consider 'the proposed amendment[s] . . .

along with the remainder of the complaint,' accept as true all non-conclusory factual allegations

therein, and draw all reasonable inferences in plaintiff's favor to determine whether the

allegations plausibly give rise to an entitlement to relief." *Id.* (quoting *Starr v. Sony BMG Music

Entm't*, 592 F.3d 314, 323 n.3 (2d Cir. 2010)) (internal citation omitted).

### B.    Analysis

#### 1.    Abuse of Process

Plaintiff proposes to add one paragraph to his abuse of process claim. (Dkt. No. 21, at 6

(proposing to "strike out" original paragraph 2 and "input" new paragraph 2)). The new

paragraph contains no new factual allegations and advances only conclusory legal terms. (*See*,

*e.g.*, *id.* (alleging that "[o]n 7/29/21 Inv. Sgt. Sostowski in his individual capacity and acting

under the color of law with deliberate indifference being motivated solely by a supporting

deposition and lacking any verified factual allegations" lacked "a prima facie case, being

measure objectively in order to say theres [sic] reasonable cause to believe a crime was

committed"). Thus, the Proposed Amended Complaint fails to remedy the defect Magistrate Judge Lovric identified: it fails to allege facts that would allow a plausible inference that Sostowski, in creating and distributing the wanted poster, had a "collateral objective" "beyond or in addition to his criminal prosecution." *Savino*, 331 F.3d at 77; (*see* Dkt. No. 18, at 13–14). Indeed, none of the new allegations in the Proposed Amended Complaint contain factual details that would allow such an inference. (*See*, *e.g.*, Dkt. No. 1, at 12 (alleging that Sostowski's collateral objective was "to abuse [] due process . . . [by] compelling the appear[a]nce of [P]laintiff, while [] lacking probable cause."); Dkt. No. 21, at 12). Thus, for these reasons and for the reasons stated in the Report-Recommendation, (*see* Dkt. No. 18, at 12–14), the Court denies as futile Plaintiff's motion to amend the abuse of process claim.

### 2.    Illegal Search and Seizure/False Arrest

Construing Proposed Amended Complaint liberally, it appears that in asserting a "Illegal Search and Seizure–4th amendment" claim, Plaintiff intends to assert a claim of false arrest. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("A § 1983 claim for false arrest[ ] rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause.").[4] "A [§] 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (alteration in original) (internal quotation marks and citation omitted). "Under New York law, a plaintiff claiming false arrest must show that '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Kayo v. Mertz*, 531 F.

---

[4] Because these claims are against state, not federal, officers, the Fourth Amendment applies by way of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 650, 655 (1961) (incorporating Fourth Amendment's right against unreasonable search and seizure against the states).

Supp. 3d 774, 788 (S.D.N.Y. 2021) (alteration in original) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). "[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Probable cause is established "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993) (quoting *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989)).

Here, Plaintiff alleges that on August 2, 2021, a BPD officer, who is not named as a defendant in this case, arrested him based on the "wanted poster with the inscription of probable cause to arrest" that Sostowki created on July 29, 2021. (Dkt. No. 21, at 2, 11–12; *see also* Dkt. No. 1 at 20 (wanted poster with text stating "[t]here is probable cause to arrest [Plaintiff] in regards to [burglary] and instructing that "[i]f located please take into custody and contact the Detective Bureau")). As Sostowski is the only individual named as a defendant, the Court's inquiry is limited to his role in the arrest. Construed liberally, the Court assumes the Proposed Amended Complaint's allegation that Sostowski created and distributed the wanted poster that the arresting officer relied on in arresting Plaintiff, (*see* Dkt. No. 21, at 11 (alleging that "entire police department was made aware on 7/29/21" of the wanted poster and the "wanted poster was effected by officer Keller on 8/2/21")), is sufficient to show Sostowski's personal involvement in Plaintiff's false arrest claim. *See Alvarez v. Cnty. of Orange, N.Y.*, 95 F. Supp. 3d 385, 400 n.1 (S.D.N.Y. 2015) (finding allegations "'rise to the requisite level of personal involvement necessary to state a claim for false arrest,' as Plaintiff alleges that Cottone directly participated in the investigation, directed the investigation, and instructed Carpentier to arrest Plaintiff") (internal citation omitted) (first quoting *Davis v. United States*, 430 F. Supp. 2d 67, 79 (D. Conn.

2006); and then citing *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (noting

that liability under § 1983 requires intentional participation in the unconstitutional conduct and

may include "ordering or helping others to do the unlawful acts, rather than doing them him—or

herself")).

 The Proposed Amended Complaint alleges that Sostowski created the wanted poster that

led to Plaintiff's arrest "solely on eyewitness accounts" that had not been verified, and that there

was "[n]o proof on entry of residence of victim, no proof of ownership of property purported by

be stolen," and "no other eyewitness accounts." (Dkt. No. 21, at 13). While Sostowski may not

have collected further information, because an eyewitness account is sufficient to support

probable cause, the Complaint fails to allege a lack of probable cause. *See Curley v. Vill. of

Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or

an *eyewitness*, probable cause exists, unless the circumstances raise doubt as to the person's

veracity.") (emphasis added) (citation omitted). Moreover, there are no allegations in the

Complaint that would allow a plausible inference that the eyewitness's account lacked veracity.

*Id.*

 In addition, in the Report-Recommendation, Magistrate Judge Lovric relied on the sworn

supporting deposition of the alleged victim, Ryan Milazzo, in recommending dismissal of

Plaintiff's malicious prosecution claim and, to the extent one was alleged, false arrest claim.

(Dkt. No. 18, at 10 n.5 (noting that "probable cause existed for commencing the proceeding

based on the witness statement of Ryan Milazzo, which was attached to the Complaint" (citing

Dkt. No. 1, at 17–18); *see also id.* at 11 n.6 (noting that Plaintiff failed to allege facts plausibly

suggesting "Defendants should have or did have any reason to doubt the credibility of the

unequivocal accounts regarding the interaction between Plaintiff" and the alleged victim, and

recommending that to the extent the Complaint asserted a false arrest claim, "it be dismissed . . . because there was probable cause to arrest Plaintiff")). Although Plaintiff attached Milazzo's supporting deposition recounting the alleged burglary, which led to Sostowski's issuance of the wanted poster, to the original Complaint, he did not attach it to the Proposed Amended Complaint. (*Id.* at 17–18).

While "an amended complaint ordinarily supersedes the original, and renders it of no legal effect," *Baja Food Servs. S. De RL De DV v. Peanut Butter & Co., Inc.*, No. 14-cv-5290, 2015 WL 1137486, *3, 2015 U.S. Dist. LEXIS 31240, at *6 (S.D.N.Y. Mar. 13, 2015) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 68 (2d Cir. 1998)), "where allegations in an amended pleading 'directly contradict' pleadings in the original complaint, courts have disregarded the amended pleading," *Brooks v. 1st Precinct Police Dep't*, No. 11-cv-6070, 2014 WL 1875037, at *2, 2014 WL 1875037, at *7 (E.D.N.Y. May 9, 2014) (citation omitted). For example, courts have considered exhibits attached to the initial, but not the amended, pleading where the court had relied on the exhibits in dismissing the plaintiff's claims. *See James v. Gage*, No. 15-cv-106, 2019 WL 1429520, at *7, 2019 U.S. Dist. LEXIS 55229, at *21–22 (S.D.N.Y. Mar. 29, 2019) (relying on exhibits attached to prior pleading in considering amended pleading even though the plaintiff had not attached the exhibits to. the amended pleading, noting that the Court had relied on the exhibits "in dismissing several of Plaintiff's claims"); *Poindexter v. EMI Record Grp. Inc.*, No. 11-cv-559, 2012 WL 1027639, at *2, 2012 U.S. Dist. LEXIS 42174, at *6 (S.D.N.Y. Mar. 27, 2012) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true.") (citation omitted). Because Judge Lovric relied on Milazzo's supporting deposition in recommending dismissal of

any false arrest claim, Plaintiff cannot avoid the same outcome by omitting the deposition from an amended pleading.

In the supporting deposition, Milazzo stated that Plaintiff entered his apartment "without permission," "started beating [him] up," took the Milazzo's phone, and "threatened to strike [Milazzo] with a pair of brass knuckles." (Dkt. No. 1, at 17–18). Milazzo also stated that he recognized Plaintiff because he was "in Broome County Jail H-Pod with [Plaintiff] for almost a month." (*Id.* at 18). Milazzo stated when Sostowski showed him a photograph of Plaintiff, he "recognized it at [sic] Russell R. Harris" and he was "100% the male in the photograph was Russell" as he was "in Broome County Jail . . . with Russell for almost a month." (*Id.* at 18). "[T]he veracity of citizen complainants who are the victims of the very crime they report to the police is assumed." *Hudson v. Cnty. of Dutchess*, No. 12-cv-5548, 2015 WL 7288657, at *9, 2015 U.S. Dist. LEXIS 154632, at *32 (S.D.N.Y. Nov. 16, 2015) (citation omitted). Moreover, Plaintiff alleges no facts in the Proposed Amended Complaint that would allow a plausible inference that Sostowski had reason to doubt Milazzo's veracity. Accordingly, Plaintiff's motion to amend with respect to his Fourth Amendment illegal search and seizure and false arrest claim is denied as futile.

### 3. Supervisory Liability

In the Proposed Amended Complaint, Plaintiff specifically identifies Sostowski as the defendant he intends to sue for supervisory liability. (Dkt. No. 21, at 14–15). However, this claim fails for all the reasons stated in the Report-Recommendation, and this Court's decision adopting the Report-Recommendation, *see supra* Section II.B.4. Accordingly, Plaintiff's motion to amend with respect to supervisory liability is denied as futile.

####         4.        **Municipal Liability**

In the Proposed Amended Complaint, Plaintiff "strike[s] out" the allegations in the

Original Complaint and proposes six new paragraphs concerning his municipal liability claim

against Defendant City of Binghamton, who was not named in the original complaint. (Dkt. No.

21, at 9–12). Plaintiff continues to name the Binghamton Police Department as a defendant.

Plaintiff alleges that on July 29, 2021, Defendant Sostowski created and issued a "wanted poster"

without having "an objectively factual basis as it pertains to veracity and validity of a completed

felony from eyewitness account." (*Id.* at 11). The same day, Defendant Sostowski sent a

department wide email concerning the wanted poster. (*Id.*). As a result, on August 2, 2021, an

officer, who is not named as a defendant in this case, effected Plaintiff's arrest. (*Id.* at 11–12).

Plaintiff alleges Defendant City of Binghamton and Defendant Binghamton Police Department

violated Plaintiff's constitutional rights in connection with these events "due to the lack of

training and the lack of supervision," and through "deliberate indifference" to the wanted poster,

about which it was aware. (*Id.* at 11).

"To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a

constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City*

*of New York*, 914 F.3d 727, 756 (2d Cir. 2019). A municipal policy or custom may be established

where the facts show either: (1) a formal policy, officially promulgated by the municipality,

*Monell*, 436 U.S. at 690; (2) action taken by the official responsible for establishing policy with

respect to a particular issue, *Pembaur v. Cincinnati*, 475 U.S. 469, 483–84 (1986); (3) unlawful

practices by subordinate officials so permanent and widespread as to practically have the force of

law, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–30 (1985); or (4) a failure to train or

supervise that amounts to "deliberate indifference" to the rights of those with whom the

municipality's employees interact. *City of Canton v. Harris*, 489 U.S. 378, 388, (1989); *see Wray*

*v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). To prevail on a municipal liability claim a plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018) (quoting *City of Canton*, 489 U.S. at 385).

For a claim based on inadequate training, a plaintiff must "identify a specific deficiency" in the training that is "closely related to the ultimate injury," such that it "actually caused" the constitutional deprivation. *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 465 (S.D.N.Y. 2009) (citing *City of Canton*, 489 U.S. at 391). The Proposed Amended Complaint alleges no facts regarding the training or supervision the BPD or City of Binghamton provides to law enforcement regarding wanted posters, probable cause, or arrest. *See Moore v. City of Norwalk*, No. 17-cv-695, 2018 WL 4568409, at *4, 2018 U.S. Dist. LEXIS 162782, at *9 (D. Conn. Sept. 24, 2018) (dismissing the *Monell* claim where the complaint was "bereft of any . . . detail about the nature of any suspect policies, practices, or procedures, much less how they caused the individual defendants to violate [the plaintiff's] rights" and failed to "allege facts—apart from legal conclusions—that give rise to plausible grounds for *Monell* liability"). In addition, as the Proposed Amended Complaint fails to allege a constitutional violation, there is no basis for municipal liability under *Monell*. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

## IV.   LEAVE TO AMEND

Plaintiff's complaint fails to state one or more claims upon which relief may be granted by this Court. However, in light of his pro se status, plaintiff will be afforded the opportunity to file an amended complaint consistent with this decision. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the amended complaint in its entirety.

Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Memorandum-Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 18) is **ADOPTED**; and it is further

**ORDERED** that for the reasons stated in the Report-Recommendation and for the additional reasons stated herein, the Complaint (Dkt. No. 1) is **DISMISSED**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915, 1915A; and it is further

**ORDERED** that Plaintiff's motions to amend the complaint (Dkt. Nos. 20, 21) are **DENIED** as futile; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Memorandum-Decision and Order; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, this matter be returned to Magistrate Judge Lovric for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Memorandum-Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>March 28, 2023</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

17