UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RUSSELL RAMEAL HARRIS,

                              Plaintiff,                    3:22-cv-977 (BKS/ML)

v.

BINGHAMTON POLICE DEPARTMENT and
BRYAN SOSTOWSKI,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Russell Rameal Harris
Volunteers of America
320 Chenango Street
Binghamton, NY 13901

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff pro se Russell Rameal Harris filed this action on September 16, 2022, against Defendants Binghamton Police Department ("BPD") and BPD Investigator Sergeant Bryan Sostowski, alleging violations of his federal civil rights under 42 U.S.C. § 1983. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on January 26, 2023, issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed with leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915, 1915A. (Dkt. No. 18). On March 28, 2023, this Court adopted the January 26, 2023 Report-Recommendation, dismissed the complaint, and granted Plaintiff leave to file an amended complaint. (Dkt. No. 24). On May 15, 2023, Plaintiff filed an Amended Complaint.

(Dkt. No. 32). On September 15, 2023, Magistrate Judge Lovric issued a second Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed without leave to amend pursuant to 28 U.S.C. §§ 1915, 1915A. (Dkt. No. 35). Magistrate Judge Lovric advised Plaintiff that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. (*Id.* at 15). Plaintiff filed objections on September 27, 2023. (Dkt. No. 36). For the reasons set forth below, the Report-Recommendation is adopted.

II.   **STANDARD OF REVIEW**

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

III.   **DISCUSSION**

   A.   **Background**

The Amended Complaint contains two "Claims," which Plaintiff has entitled: (1) "14th Amendment–Due Process"; and (2) "'Supervisor Liability' Inv. Sgt. Sostowski." (Dkt. No. 32, at

3, 6). Magistrate Judge Lovric addressed Plaintiff's "14th Amendment–Due Process" claim as a "Substantive Due Process–Deliberate Indifference" claim and recommended that it be dismissed as the Amended Complaint failed to "allege facts plausibly suggesting that the actions of Defendants were so arbitrary and conscience-shocking that they violated [Plaintiff's] substantive due process rights." (Dkt. No. 35, at 7). Although the Amended Complaint did not explicitly set forth a false arrest claim, liberally construing the allegations concerning Plaintiff's August 2, 2021 arrest for burglary—as he was required to do—Magistrate Judge Lovric considered whether the Amended Complaint stated a Fourth Amendment "Unreasonable Seizure Claim" or false arrest claim (Dkt. No. 35, at 9–11). In light of allegations that Defendant Sostowski had probable cause to arrest Plaintiff based on a statement from the alleged victim, and in the absence of factual allegations suggesting Defendants had reason to doubt the victim's credibility, Magistrate Judge Lovric concluded any false arrest claim failed. As to Plaintiff's "Supervisory Liability" claim, Magistrate Judge Lovric recommended dismissal on the basis that there is no constitutional claim for "supervisory liability." (*Id.* at 11–12).

B.   **Objections**

In his objections, Plaintiff clarifies that the Amended Complaint contains one claim: "14th Amendment-Due Process as it pertains to 42 usc 1983." (Dkt. No. 36, at 3). Plaintiff seems to be asserting that he intends to advance a procedural due process claim, (*see id.* at 9 (alleging that Defendant Sostowski "meander[ed] [plaintiff's] procedural due [sic] rights, using an unfiled supporting deposition"), 12 (alleging that Defendant Sostowski "utilized a wanted poster to circumvent procedural due process" by "seiz[ing] [his] person, [and] conduct[ing] a search incident to arrest in hopes of finding evidence"), 13 (referring to "procedural due process")), and appears to argue that by naming this claim a "*substantive* due process-14th amendment" claim, Magistrate Judge Lovric mischaracterized it. (*Id.* at 3 (emphasis added)). Plaintiff also explains

3

that the Amended Complaint refers to supervisory liability, not as a cause of action, but in order show how Defendant Sostowski "fit the criteria [for liability] due to his direct participation in the matter." (*Id.*). Finally, Plaintiff argues that Magistrate Judge Lovric's conclusion that probable cause for arrest was apparent from the face of the Amended Complaint was improper in light of the allegations that the victim's statement was unfiled at the time of Plaintiff's arrest and should have been further investigated. (*Id.* at 7).

C. Analysis

1. **Fourteenth Amendment Due Process**

Plaintiff argues that Magistrate Judge Lovric erred by analyzing his allegations that Defendants violated his constitutional rights by creating a wanted poster, failing to investigate the alleged victim's statement and failing to file that statement prior to Plaintiff's arrest, and arresting Plaintiff "without a warrant or complaint filed, " (Dkt. No. 32, at 6–8), as a substantive, rather than a procedural, due process claim, (Dkt. No. 36, at 3–5). However, even analyzing these allegations in the context of a Fourteenth Amendment procedural due process claim, they would still be subject to dismissal. Regardless of how Plaintiff labels them, because the Fourth Amendment of the Constitution "provides an explicit textual source of constitutional protection" against government misconduct in connection with an arrest, the Fourth Amendment—not the Fourteenth Amendment—governs his claim. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (explaining that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims'" (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989))); *see also Levantino v. Skala*, 56 F. Supp. 3d 191, 203 (E.D.N.Y. 2014) ("[T]o the extent the Plaintiff seeks to assert a procedural due process claim based on the same conduct supporting his false arrest and false

4

imprisonment claims, that request is denied as futile and duplicative."). Thus, even if it was error to construe Plaintiff's allegations as a claim of substantive, rather than procedural, due process violation, this Court's de novo review leads to the same result because, as Magistrate Judge Lovric observed, such allegations are properly analyzed under the Fourth Amendment, (Dkt. No. 35, at 7–8), and, as discussed below, the Amended Complaint fails to state a Fourth Amendment claim.

### 2. Supervisory Liability

Plaintiff also objects to Magistrate Judge Lovric's reading of the Amended Complaint as containing a "Supervisory Liability" claim. (Dkt. No. 36, at 4). Plaintiff explains that he is not asserting supervisory liability as a cause of action but that he used the term in the Amended Complaint to show that Defendant Sostowski, as a supervisor in the Binghamton Police Department, was a direct participant in the allegedly unconstitutional conduct. (*Id.*). However, even assuming that the Amended Complaint adequately alleges Defendant Sostowski's personal involvement, a necessary element of a § 1983 claim, *see Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))), in the absence of any viable constitutional claims, such allegations do not provide a basis for relief. Thus, Plaintiff's objection is unavailing.

### 3. Probable Cause

Plaintiff next argues that Magistrate Judge Lovric erred in finding that the Amended Complaint failed "to allege facts plausibly suggesting that the plaintiff arrest occurred without probable cause," (Dkt. No. 36, at 4 (citing Dkt. No. 35, at 10)), and that his claims regarding Defendants' unconstitutional conduct in connection with his arrest should proceed. Specifically,

Plaintiff contends that "[t]he issue is not whether probable cause occurred" but that Defendant Sostowki failed to file a signed complaint containing "truth[ful] and accura[te] . . . factual allegations" to which he "subscrib[ed]" prior to Plaintiff's arrest. (*Id.* at 4–5).

"An officer is entitled to qualified immunity against a suit for false arrest if he can establish that he had 'arguable probable cause' to arrest the plaintiff." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013)). Here, however, whether Sostowski filed a complaint prior to Plaintiff's arrest is irrelevant as the victim's sworn statement, (Dkt. No. 32, at 10–11), provided probable cause to arrest Plaintiff for burglary. *See Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." (internal quotation marks and citation omitted)); *see also Lumpkin v. Brehm*, 230 F. Supp. 3d 178, 184 (S.D.N.Y. 2017) (explaining that in order to dismiss on qualified immunity grounds at the pleading stage, the "facts establishing arguable probable cause" must be "'clear from the face of the [complaint]'" (quoting *Rahman v. Schriro*, 22 F. Supp. 3d 305, 316 (S.D.N.Y. 2014))). Magistrate Judge Lovric specifically addressed Plaintiff's allegations that probable cause was lacking, including the allegations that:

> (1) Mr. Milazzo did not provide a receipt for the phone Plaintiff allegedly stole, (2) there was no video or other witness statement supporting Mr. Milazzo's assertion that Plaintiff entered Mr. Milazzo's residence, (3) there was no additional evidence supporting Mr. Milazzo's assertion that Plaintiff threatened to use a weapon, (4) Mr. Milazzo denied offers to summon medical treatment, (5) Defendant Sostowski failed to verify that Plaintiff and Mr. Milazzo were housed in the jail together at the same time.

(Dkt. No. 35, at 10 (citing Dkt. No. 32, at 3-4)). However, Magistrate Judge Lovric concluded that none of these allegations identified facts that would allow a plausible inference that

6

Defendants "should have or did have any reason to doubt the credibility of Mr. Milazzo," the alleged victim. (*Id.* at 10–11). Having reviewed Plaintiff's false arrest claim de novo, the Court agrees with Magistrate Judge Lovric's recommendation that it be dismissed. *See Johnson v. City of New York*, No. 18-cv-5623, 2019 WL 7096762, at *3, 2019 U.S. Dist. LEXIS 220558, at *6–7 (S.D.N.Y. Dec. 23, 2019) (finding that, in the absence of any allegations calling into doubt the alleged victim's "reliability or veracity," the alleged victim's complaint that the plaintiff "had violated an order of protection" sufficed "as probable cause for the arrest" and that false arrest claim therefore failed as a matter of law).

Plaintiff's objections also contain various factual arguments but fail to object to a particular aspect of the Report-Recommendation. Accordingly, having reviewed the remainder of the Report-Recommendation for clear error and having found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, (Dkt. No. 35), is **ADOPTED**; and it is further

**ORDERED** that for the reasons stated in the Report-Recommendation and the reasons stated herein, the Amended Complaint, (Dkt. No. 32), is **DISMISSED WITHOUT LEAVE TO AMEND**;[1] and it is further

---

[1] Plaintiff twice had the benefit of the Court's review of his pleadings prior to his filing of the Amended Complaint. (*See* Dkt. Nos. 18 (Report-Recommendation reviewing original Complaint, (Dkt. No. 1)), 24 (Memorandum-Decision and Order adopting Report-Recommendation and reviewing original Complaint, (Dkt. No. 1), and Plaintiff's motion to amend the complaint and proposed amended complaint, (Dkt. No. 21))). The Court is cognizant of Plaintiff's pro se status but as there is nothing before the Court that suggests a fourth pleading would not be futile, the Court declines to grant leave to amend.

**ORDERED** that the Clerk is directed to enter judgment and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 7, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge